**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

_____

**I.     CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>NATALIE ELIE</u>
Plaintiff                                          Case # _____
                                                   Judge  _____

vs.

<u>PUBLIX SUPER MARKETS, INC.</u>
 Defendant

_____

**II.     AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.     TYPE OF CASE**     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -
**EXHIBIT B**

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 07/18/2022 03:55:21 PM.****

# IN THE CIRCUIT COURT OF THE 17ᵀᴴ JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

Case No: _Cace - 22-10475_

_Natalie Elie_

Plaintiff

Judge Division: _14_

VS

_Publix Super markets Inc_

Defendant

FILED
JUL 18 2022
By_____

## CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020-73Civ/2020-74-UFC: **"ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO DISMISSED CIVIL OR FAMILY CASES",**

**The Clerk has conducted a search for all previous existing civil cases related to these two parties.**

**Listed below are all the aforementioned related cases:**   _none_

Brenda D. Forman
Circuit and County Courts

By: _____

Deputy Clerk

Filing # 153741544 E-Filed 07/20/2022 05:13:57 PM

CACE-22-010475

## IN THE CIRCUIT COURT
## OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY FLORIDA

|  |  |  |
|---|---|---|
| **NATALIE ELIE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CASE NO.: CACE-22-010475** |
| | ) | |
| **PUBLIX SUPER MARKETS, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### SUMMONS IN A CIVIL CASE

**TO:** PUBLIX SUPER MARKETS, INC., through its Registered Agent:

Corporate Creations Network Inc.
801 US Highway 1
North Palm Beach FL 33408

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

Alberto Naranjo
AN Law Firm, P.A.
7900 Oak Ln # 400 AN Law
Miami Lakes, FL 33016

an answer to the complaint, which is herewith served upon you, within 20 days after service of

this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default

will be taken against you for the relief demanded in the complaint. You must also file your

answer with the Clerk of this Court within a reasonable period of time after service.

_____      JUL 21 2022      _____
CLERK                      DATE

_____
(BY) DEPUTY CLERK

**BRENDA D. FORMAN**

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 07/20/2022 05:13:55 PM.****

Filing # 153542821 E-Filed 07/18/2022 03:55:23 PM

**IN THE CIRCUIT COURT**
**OF THE SEVENTEENTH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY FLORIDA**

**Case No.**

NATALIE ELIE,

      Plaintiff,

vs.

PUBLIX SUPER MARKETS, INC.,

      Defendant.

_____/

**COMPLAINT**

1. NATALIE ELIE, ("Plaintiff"), brings this action against PUBLIX SUPER MARKETS,

    INC., ("Defendant") alleging as follows:

**JURY DEMAND**

2. Plaintiff demands a trial by jury on all claims properly triable by a jury.

**PARTIES, VENUE, AND JURISDICTION**

3. Plaintiff was at all relevant times hereto employed by Defendant. Plaintiff is over the age of

    18 and is otherwise *sui juris*.

4. Defendant is an employer within Broward County, which at all relevant times hereto violated

    Plaintiff's employment rights under the Florida Civil Rights Act (FCRA), Title VII of the

    Civil Rights Act (Title VII), and/or 42 U.S.C. § 1981 ("Section 1981"). Defendant is

    otherwise *sui juris*.

5. Venue is proper in Broward County because Defendant employed Plaintiff in the county, and because the causes of action otherwise occurred in the County.

6. Venue is also proper in that Plaintiff and/or Defendant ("Parties") reside in this district, in that a substantial part of the events or omissions giving rise to the claim occurred in this district, and in that the Parties are subject to personal jurisdiction in this district with respect to this action, and/or there is no other district in which the action may otherwise be brought.

7. All conditions precedent to the bringing of this action have occurred or been performed, i.e., a Charge of Discrimination was filed, a Right to Sue Letter issued, and a lawsuit filed before the expiration of the Right to Sue letter from the EEOC.

8. This Court has jurisdiction over this action pursuant as well as supplemental jurisdiction over Plaintiff's related claims arising under federal, state, and/or local laws.

## COUNT 1
## Retaliation

### FCRA, Title VII & 1981

9. Plaintiff repeats and re-alleges paragraphs 1 through 8 as if fully set forth herein.

10. At all relevant times, Plaintiff was an employee of Defendant.

11. At all relevant times, Plaintiff was and was qualified to work for Defendants.

12. At all times material hereto, Defendant failed to comply with the law, which provides, in relevant part, employer may not take any retaliatory personnel action against an employee because the employee performed a protected activity and/or had a good-faith, objectionably reasonable belief for performing such protected activity.

13. Plaintiff was recruited to work for Publix by its managers and supervisors Jose Gustavo, Roman, Armando, and Devon due to her quality work for a vendor that serviced Defendant's location.

14. Plaintiff submitted her application, and was quickly hired on or about May 24, 2021, and began working for Defendant.

15. During Plaintiff's employment, Plaintiff was treated poorly due to her Race/Color (Black African American) and national origin (Trinidadian) by Team Lead JP (Hispanic/Non-Black/Trinidadian), a Publix's manager, who supervised and controlled Plaintiff terms and condition of employment.

16. For example, JP scrutinized Plaintiff's work and spoke to her in an aggressive and demeaning manner unlike similarly situated employees outside Plaintiff's protected category.

17. JP abruptly logged Plaintiff out of the computer while she was doing work-related training unlike similarly situated employees outside Plaintiff's protected category.

18. Plaintiff had witnessed other black, non-Hispanic employees be terminated or transferred due to complaints of discrimination at the same store.

19. On or about August 26, 2021, JP aggressively pushed a float (cart with merchandise) toward Plaintiff in an attempt to harm her unlike similarly situated employees outside Plaintiff's protected category.

20. Plaintiff no longer felt safe working with JP and again complained about discrimination when she reported the incident to Publix's managers, HR, Publix's integrity line, etc.

21. Nothing was done to correct the discriminatory conduct and management simply minimized JP's behavior.

22. In retaliation, Defendant did not schedule Plaintiff to work for several weeks between September and October 2021, yet used these against Plaintiff as a means to terminate.

23. On October 17, 2021, Store Manager Jose Gustavo (Hispanic/Non-Black/Trinidadian) terminated Plaintiff's employment via telephone, explaining that the discharge was administrative for not working during the last 30 days, despite knowing Plaintiff's availability plus previously explaining to Plaintiff that she had additional time to return to work.

24. Plaintiff was subjected to unequal terms and conditions of employment due to her race/color, and national origin and was discharged in retaliation for complaining about JP and his discriminatory actions.

25. It's telling that Plaintiff was terminated less than 3 months after complaining about discrimination, harassment, and/or violation of the law.

26. The causal link between Plaintiff's protected activity and Defendant's actions by and through its employees; caused Defendant's harassment, discrimination, and/or termination, adverse employment actions; lead to a pattern, practice, and/or policy of illegal employment action; misconduct which is so regular as to become a de facto policy; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected activity.

27. Defendant did not act in good faith, nor did they have an objective, reasonable ground to believe that their action did not violate the law.

28. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

29. Defendant's actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

30. Defendant's actions and conduct as described herein and the resulting damage and loss to Plaintiff have necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

31. Plaintiff hereby requests a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); injunctive relief, order Defendant from refraining from such action in the future, to attend mandatory training, to have a third party administer claims of discrimination/retaliation, to have Defendant develop and implement new anti-discrimination/retaliation policies and procedures and/or from disallowing Defendant's employees responsible for the actions against Plaintiff to return to Defendant property or work for Defendant; award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or

alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## COUNT 2
### Discrimination - Race/Color

### FCRA, Title VII & 1981

32. Plaintiff repeats and re-alleges paragraphs 1 through 8 as if fully set forth herein.

33. At all relevant times, Plaintiff was an employee of Defendant.

34. At all relevant times, Plaintiff was and was qualified to work for Defendants.

35. Plaintiff's protected category is her race and color.

36. Plaintiff was recruited to work for Publix by its managers and supervisors Jose Gustavo, Roman, Armando, and Devon due to her quality work for a vendor that serviced Defendant's location.

37. Plaintiff submitted her application, and was quickly hired on or about May 24, 2021, and began working for Defendant.

38. During Plaintiff's employment, Plaintiff was treated poorly due to her Race/Color (Black African American) by Team Lead JP (Hispanic/Non-Black), a Publix's manager, who supervised and controlled Plaintiff's terms and conditions of employment.

39. For example, JP scrutinized Plaintiff's work and spoke to her in an aggressive and demeaning manner unlike similarly situated employees outside Plaintiff's protected category.

40. JP abruptly logged Plaintiff out of the computer while she was doing work-related training unlike similarly situated employees outside Plaintiff's protected category.

41. Plaintiff had witnessed other black, non-Hispanic employees be terminated or transferred due to discrimination in the same store.

42. On or about August 26, 2021, JP aggressively pushed a float (cart with merchandise) toward Plaintiff in an attempt to harm her unlike similarly situated employees outside Plaintiff's protected category.

43. Plaintiff no longer felt safe working with JP and again complained about discrimination when she reported the incident to Publix's managers, HR, Publix's integrity line, etc.

44. Nothing was done to correct the discriminatory conduct and management simply minimized JP's behavior.

45. This is when the discrimination intensified, Defendant did not schedule Plaintiff to work for several weeks between September and October 2021, yet used these dates against Plaintiff as a means to terminate.

46. On October 17, 2021, Store Manager Jose Gustavo (Hispanic/Non-Black/) terminated Plaintiff's employment via telephone, explaining that the discharge was administrative for not working during the last 30 days, despite knowing Plaintiff's availability plus previously explaining to Plaintiff that she had additional time to return to work.

47. Plaintiff was subjected to unequal terms and conditions of employment due to her race/color and was discharged as a result.

48. Defendant's reason for termination is pretextual, as the issue was created by Defendant.

49. Plaintiff's protected category was the motivating factor for termination as there was no other reason for such action.

50. The causal link between Plaintiff's protected category and Defendant's actions by and through its employees; caused Defendant's harassment, discrimination, and/or termination, adverse employment actions; lead to a pattern, practice, and/or policy of illegal employment action; misconduct which is so regular as to become a de facto policy; failure to enforce any

policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected category.

51. Defendant did not act in good faith, nor did they have an objective, reasonable ground to believe that their action did not violate the law.

52. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

53. Defendant's actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

54. Defendant's actions and conduct as described herein and the resulting damage and loss to Plaintiff have necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

55. Plaintiff hereby requests a jury trial.

56. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); injunctive relief, order Defendant

from refraining from such action in the future, to attend mandatory training, to have a third party administer claims of discrimination/retaliation, to have Defendant develop and implement new anti-discrimination/retaliation policies and procedures and/or from disallowing Defendant's employees responsible for the actions against Plaintiff to return to Defendant property or work for Defendant; award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

### COUNT 3
### Discrimination – National Origin

### FCRA, Title VII & 1981

57. Plaintiff repeats and re-alleges paragraphs 1 through 8 as if fully set forth herein.

58. At all relevant times, Plaintiff was an employee of Defendant.

59. At all relevant times, Plaintiff was and was qualified to work for Defendants.

60. Plaintiff's protected category is her national origin.

61. Plaintiff was recruited to work for Publix by its managers and supervisors Jose Gustavo, Roman, Armando, and Devon due to her quality work for a vendor that serviced Defendant's location.

62. Plaintiff submitted her application, and was quickly hired on or about May 24, 2021, and began working for Defendant.

63. During Plaintiff's employment, Plaintiff was treated poorly due to her national origin (Trinidadian) by Team Lead JP (Hispanic/Non-/Trinidadian), a Publix's manager, who supervised and controlled Plaintiff's terms and condition of employment.

64. For example, JP scrutinized Plaintiff's work and spoke to her in an aggressive and demeaning manner unlike similarly situated employees outside Plaintiff's protected category.

65. JP abruptly logged Plaintiff out of the computer while she was doing work-related training unlike similarly situated employees outside Plaintiff's protected category.

66. Plaintiff had witnessed other black, non-Hispanic employees be terminated or transferred due to discrimination in the same store.

67. On or about August 26, 2021, JP aggressively pushed a float (cart with merchandise) toward Plaintiff in an attempt to harm her unlike similarly situated employees outside Plaintiff's protected category.

68. Plaintiff no longer felt safe working with JP and again complained about discrimination when she reported the incident to Publix's managers, HR, Publix's integrity line, etc.

69. Nothing was done to correct the discriminatory conduct and management simply minimized JP's behavior.

70. In retaliation, Defendant did not schedule Plaintiff to work for several weeks between September and October 2021, yet used these dates against Plaintiff as a means to terminate.

71. On October 17, 2021, Store Manager Jose Gustavo (Hispanic/Non-Trinidadian) terminated Plaintiff's employment via telephone, explaining that the discharge was administrative for not working during the last 30 days, despite knowing Plaintiff's availability plus previously explaining to Plaintiff that she had additional time to return to work.

72. Plaintiff was subjected to unequal terms and conditions of employment due to her national origin and was discharged as a result.

73. Defendant's reason for termination is pretextual, as the issue was created by Defendant.

74. Plaintiff's protected category was the motivating factor for termination as there was no other reason for such action.

75. The causal link between Plaintiff's protected category and Defendant's actions by and through its employees; caused Defendant's harassment, discrimination, and/or termination, adverse employment actions; lead to a pattern, practice, and/or policy of illegal employment action; misconduct which is so regular as to become a de facto policy; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected category.

76. Defendant did not act in good faith, nor did they have an objective, reasonable ground to believe that their action did not violate the law.

77. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

78. Defendant's actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress. The wrongs done by Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

79. Defendant's actions and conduct as described herein and the resulting damage and loss to Plaintiff have necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

80. Plaintiff hereby requests a jury trial.

81. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); injunctive relief, order Defendant from refraining from such action in the future, to attend mandatory training, to have a third party administer claims of discrimination/retaliation, to have Defendant develop and implement new anti-discrimination/retaliation policies and procedures and/or from disallowing Defendant's employees responsible for the actions against Plaintiff to return to Defendant property or work for Defendant; award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for past and future loss of wages and benefits, plus interest;

C. Award Plaintiff compensatory and punitive damages;

D. Order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits);

E. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

F.  Grant Plaintiff such additional or alternative relief as the Court deems just and proper

and/or which Plaintiff may be entitled to under the applicable laws.

Dated: July 18, 2022                    Respectfully submitted,

                                        /s/Alberto Naranjo
                                        AN Law Firm, P.A.
                                        7900 Oak Lane #400
                                        Miami Lakes, FL 33016-5888
                                        United States
                                        Office: 305-942-8070
                                        Email: an@anlawfirm.com
                                        Counsel for Plaintiff

CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

NATALIE ELIE,                                    :
                                                 :
       Plaintiff,                               :
                                                 :
                                       :     Case No.: CACE-22-010475
v.                                               :
                                                 :
PUBLIX SUPER MARKETS INC.,                       :
                                                 :
       Defendant.                               :
_____           :

**<u>DEFENDANT'S NOTICE OF APPEARANCE</u>**

COMES NOW, Tammie L. Rattray of FordHarrison LLP and enters this formal

appearance on behalf of Defendant, Publix Super Markets, Inc. ("Defendant") in the above

action.  Ms. Rattray requests that copies of all orders and other papers filed or entered in this

matter from this point forward be served on her at <u>trattray@fordharrison.com</u>, FordHarrison

LLP, 101 East Kennedy Boulevard, Suite 900, Tampa, Florida 33602.

                                          Respectfully submitted,

                                        FORD & HARRISON LLP

                             By: <u>*/s/Tammie L. Rattray*</u>
                                    Tammie L. Rattray
                                    Florida Bar No. 0128619
                                    trattray@fordharrison.com
                                    Viktoryia Johnson
                                    Florida Bar No. 0125545
                                    vjohnson@fordharrison.com

                                    101 E. Kennedy Boulevard, Suite 900
                                    Tampa, Florida 33602
                                    Telephone (813) 261-7800
                                    Facsimile (813) 261-7899

                               Attorneys for Publix Super Markets, Inc.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on August 2, 2022, I filed the foregoing with the Clerk of

Court using the Florida E-Filing Portal which will send a copy via Email to the following:

Albert Naranjo
AN Law Firm, P.A.
700 Oak Lane #400
Miami Lakes, FL  33016
an@anlawfirm.com


*/s/Tammie L. Rattray*
Attorney


WSACTIVELLP:13295295.1

2

CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

NATALIE ELIE,                                    :
                                                 :
      Plaintiff,                            :
                                                 :
                                                 :    Case No.: CACE-22-010475
v.                                               :
                                                 :
PUBLIX SUPER MARKETS INC.,                       :
                                                 :
      Defendant.                            :
                                                 :
_____             :

**ACCEPTANCE AND WAIVER OF SERVICE FOR PROCESS BY SHERIFF**

    COMES NOW, PUBLIX SUPER MARKETS, INC., Defendant in the above-styled cause and hereby acknowledges receipt of a copy of the Complaint in this action and in doing so accepts service of same and specifically waives formal service of process by Sheriff or other person duly authorized to serve process in the State of Florida.

Dated this 2nd day of August, 2022.

                                 Respectfully submitted,

                                 FORD & HARRISON LLP

                    By: */s/Viktoryia Johnson*_____
                         Tammie L. Rattray
                         Florida Bar No. 0128619
                         trattray@fordharrison.com
                         Viktoryia Johnson
                         Florida Bar No. 0125545
                         vjohnson@fordharrison.com

                         101 E. Kennedy Boulevard, Suite 900
                         Tampa, Florida 33602
                         Telephone (813) 261-7800
                         Facsimile (813) 261-7899

                         Attorneys for Publix Super Markets, Inc.

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 08/02/2022 11:57:55 AM.****